IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FREDERICK CAERY,

    Plaintiff,

vs.                                                                                                                          No. 12-2389-JDT-cgc

SHELBY COUNTY, et al.,

    Defendants.

ORDER VACATING ORDER OF DISMISSAL
WITH REGARD TO EIGHTH AMENDMENT CLAIMS
AND
ORDER GRANTING LEAVE TO AMEND EIGHTH AMENDMENT CLAIMS

On May 23, 2012, Plaintiff Frederick L. Caery, who was at that time an inmate at the Shelby County Department of Correction ("SCDC") in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § l983. (ECF No. 1.) On July 17, 2013, the Court entered an order dismissing Plaintiff's complaint as failing to state a claim, pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), and as failing to allege a physical injury, pursuant to 42 U.S.C. § 1997e(e). (ECF No. 5.) Judgment was entered on July 19, 2013. (ECF No. 6.)

On August 19, 2014, the United States Court of Appeals for the Sixth Circuit affirmed the dismissal of Plaintiff's claims against Shelby County, Sheriff Mark Luttrell, Minus Adams, Karen Mitchell, Robert Hurd, James Coleman, Officer Jerry Harris, Counselor Holiday, and Mr. Spears. (ECF No. 17-1 at 2.) The Sixth Circuit determined, however, that Plaintiff's Eighth Amendment claims against Defendants Sergeant Strickland, S. Wilson, Captain Chambers, Sergeant Young, Sergeant Franklin, Lieutenant Swanson, and Wing Officer Turner were sufficient to demonstrate those defendants were aware of the serious risk of harm posed by the alleged conditions in J Building. (*Id.* at 3-4.) The Sixth Circuit recognized, however, that Plaintiff's complaint contained no allegations of any physical injury and was subject to dismissal under 42 U.S.C. § 1997e(e). (*Id.*

at 4.) Because the district court had the discretion to permit Caery to amend his complaint, the Sixth Circuit determined that this deficiency "may have been cured by allowing Caery to amend the complaint to include allegations detailing any physical injuries he suffered." (*Id.*) The Sixth Circuit vacated the district court's judgment with respect to Caery's Eighth Amendment claims for monetary relief against Strickland, Wilson, Young, Franklin, Swanson, and Turner and remanded the case for further proceedings on those claims. (*Id.*)

In accordance with the order of remand, the order dismissing Plaintiff's complaint is VACATED with regard to Plaintiff's Eighth Amendment conditions of confinement claims against DEFENDANTS Sergeant Strickland, S. Wilson, Captain Chambers, Sergeant Young, Sergeant Franklin, Lieutenant Swanson, and Wing Officer Turner. Plaintiff is ORDERED to amend his complaint in accordance with the Sixth Circuit's order to allege any physical injuries suffered from those prison conditions during his confinement at the SCCC. Any amended complaint must be filed within thirty (30) days of the date of entry of this order.

Plaintiff is advised that an amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleading because the dismissal of all but the Eighth Amendment conditions claims has been affirmed on appeal. The text of the complaint must allege sufficient facts to support Plaintiff's Eighth Amendment conditions claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. The amendment may not include any claim that was not within the original Eighth Amendment conditions claim. The claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Plaintiff fails to file a timely amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and will enter judgment.

```
        IT IS SO ORDERED.
```

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE