IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FREDERICK CAERY,

    Plaintiff,

vs.                                                                                               No. 12-2389-JDT-cgc

SHELBY COUNTY, et al.,

    Defendants.

ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*
(ECF No. 17)
ORDER DENYING EXTENSION OF TIME TO FILE BRIEF
(ECF No. 18)
ORDER DENYING MOTION FOR ADDITIONAL TIME TO RESPOND TO COMPLAINT
(ECF No. 19)
ORDER DISMISSING AMENDED COMPLAINT
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On May 23, 2012, Plaintiff Frederick L. Caery, who was at that time an inmate at the Shelby County Department of Correction ("SCDC") in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On July 17, 2013, the Court entered an order dismissing Plaintiff's complaint as failing to state a claim, pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), and as failing to allege a physical injury, pursuant to 42 U.S.C. § 1997e(e). (ECF No. 5.) Judgment was entered on July 19, 2013. (ECF No. 6.)

On August 19, 2014, the United States Court of Appeals for the Sixth Circuit affirmed the dismissal of Plaintiff's claims against Shelby County, Sheriff Mark Luttrell, Minus Adams, Karen Mitchell, Robert Hurd, James Coleman, Officer Jerry Harris, Counselor Holiday, and Mr. Spears. (ECF No. 17-1 at 2.) The Sixth Circuit determined, however, that Plaintiff's Eighth Amendment claims against Defendants Sergeant Strickland, S. Wilson, Captain Chambers, Sergeant Young, Sergeant Franklin, Lieutenant Swanson, and Wing Officer Turner were sufficient to demonstrate that

those defendants were aware of the serious risk of harm posed by the alleged conditions in J Building. (*Id.* at 3-4.) The Sixth Circuit recognized, however, that Plaintiff's complaint contained no allegations of any physical injury and was subject to dismissal under 42 U.S.C. § 1997e(e). (*Id.* at 4.) Because the district court had the discretion to permit Caery to amend his complaint, the Sixth Circuit determined that this deficiency "may have been cured by allowing Caery to amend the complaint to include allegations detailing any physical injuries he suffered." (*Id.*) The Sixth Circuit vacated the district court's judgment with respect to Caery's Eighth Amendment claims for monetary relief against Strickland, Wilson, Young, Franklin, Swanson, and Turner and remanded the case for further proceedings on those claims. (*Id.*)

By order entered October 1, 2014, the Court vacated the order dismissing Plaintiff's complaint with regard to Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Sergeant Strickland, S. Wilson, Captain Chambers, Sergeant Young, Sergeant Franklin, Lieutenant Swanson, and Wing Officer Turner. (ECF No. 15.) The Court ordered Plaintiff to amend his complaint within thirty (30) days in accordance with the Sixth Circuit's order to allege any physical injuries suffered from those prison conditions during his confinement at the SCCC. (*Id.* at PageID 67.) The order stated:

> If Plaintiff fails to file a timely amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and will enter judgment.

(*Id.*)

On October 29, 2014, Plaintiff filed an amended complaint. (ECF No. 16.) Plaintiff notified the Court that he was no longer incarcerated and filed a nonprisoner affidavit for leave to proceed *in forma pauperis*. (ECF No. 17.) The motion to proceed *in forma pauperis* is GRANTED. On October 29, 2014, Plaintiff filed a motion for extension of time to file a brief. (ECF No. 18.) Plaintiff was not directed to file a brief and no brief is necessary. The motion for an extension of

time to file a brief is DENIED. Plaintiff also filed a motion for additional time to respond to Shelby County's complaint. (ECF No. 19.) Shelby County is no longer a party to this case and did not file a complaint. The motion is DENIED.

Plaintiff's amended complaint states:

**Background**

A.   Frederick Caery and Shelby County, et al., (the "Parties") entered into the contract (the "Contract") dated May 23rd, 2012, for the purpose of order vacating order of dismissal with regard to eighth amendment claims and order granting leave to amend eighth amendment claims.

B.   The Parties desire to amend the Contract on the terms and conditions set forth in this Amending Agreement (the "Agreement").

C.   This Agreement is the first amendment to the Contract.

IN CONSIDERATION OF the Parties agreeing to amend their obligations in the existing Contract, and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, both Parties agree to keep, perform and fulfill the promises, conditions and agreements below:

**Amendments**
1.   The Contract is amended as follows:
   a.   Plaintiff is advised that an amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleading because the dismissal of all but the Eighth Amendment conditions claims has been affirmed on appeal. The text of the complaint must allege sufficient facts to support Plaintiff's Eighth Amendment conditions claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. The amendment may not include any claim that was not within the original Eighth Amendment conditions claim. The claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Plaintiff fails to file a timely amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and will enter judgment. IT IS SO ORDERED. I would like to add in addition of receiving this statement on October 7, 2014 by James D. Todd United States District Judge; that I have been given little time to have this done and by me being disabled, I really don't have the funds to get an attorney to file this amendment for me before November 1, 2014. So, if there are any questions or concerns, please

> feel free to give me a call at (731)845-9351 cell or at home at (731)847-7717. Thank You.
>
> **Governing Law**
>
> 5.      Subject to the terms of the Contract, it is the intention of the parties that this Agreement, and all suits and special proceedings under this Agreement, be construed in accordance with and governed, to the exclusion of the law of any other forum, by the laws of the State of Tennessee, without regard to the jurisdiction in which any action or special proceeding may be instituted.

(ECF No. 15 at PageID 69-70.)

The amended complaint fails to comply with the Court's order and fails to state a claim upon which relief may be granted. The Court therefore DISMISSES the amended complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rules of Appellate Procedure, a non- prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken

4

in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead the Court to dismiss the amended complaint for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.

If Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 733 F.3d 175, 177-78 (6th Cir. 2013), cert. granted, 82 U.S.L.W. 3675 (U.S. Oct. 2, 2014) (Nos. 13-1333, 13A985).

5

IT IS SO ORDERED.

                                                        **s/James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE